**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4533**

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

         v.

SAMMY LEE ELLIS, JR.,

              Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Spartanburg.  Henry F. Floyd, District Judge. (7:09-cr-01075-HFF-1)

Submitted:  October 21, 2010        Decided:  November 18, 2010

Before KING, SHEDD, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James B. Loggins, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant. Leesa Washington, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sammy Ellis, Jr., pleaded guilty to possession of a firearm after having previously been convicted of a crime punishable by a term of imprisonment exceeding one year, in violation of 18 U.S.C. § 922(g)(1) (2006). The district court sentenced Ellis to twenty-one months of imprisonment, and he now appeals. Appellate counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), questioning whether the sentence imposed by the district court was unreasonable. Ellis was informed of his right to file a pro se supplemental brief, but did not do so. Finding no error, we affirm.

We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); see also United States v. Layton, 564 F.3d 330, 335 (4th Cir.), cert. denied, 130 S. Ct. 290 (2009). In so doing, we first examine the sentence for "significant procedural error," including "failing to calculate (or improperly calculating) the [g]uidelines range, treating the [g]uidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2006)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence . . . ." Gall, 552 U.S. at 51. Finally, we "then consider the substantive reasonableness of the sentence imposed." Id. We presume on appeal that a sentence within a

2

properly calculated advisory guidelines range is reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007); see Rita v. United States, 551 U.S. 338, 346-56 (2007) (upholding presumption of reasonableness for within-guidelines sentence).

We have thoroughly reviewed the record and conclude that the sentence is reasonable. The district court properly calculated the guidelines range, considered the guidelines range along with the § 3553(a) factors, and explained its chosen sentence. See United States v. Carter, 564 F.3d 325, 328-30 (4th Cir. 2009) (reaffirming that sentencing court must make individualized assessment on the record and explain rejection of parties' arguments for sentence outside guidelines range). Moreover, Ellis has failed to overcome the presumption of reasonableness we accord to his within-guidelines sentence.

We have examined the entire record in accordance with the requirements of Anders and have found no meritorious issues for appeal. Accordingly, we affirm the judgment of the district court. This court requires that counsel inform Ellis, in writing, of the right to petition the Supreme Court of the United States for further review. If Ellis requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Ellis. We dispense with

oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED